UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3898(DSD/SRN)

Ryan Riermersma, on behalf
of himself and all others
similarly situated,

        Plaintiff,

v.                                              **ORDER**

Messerli & Kramer, P.A.,

        Defendant.


    Thomas J. Lyons, Jr., Esq. and Trista M. Roy, Esq., Consumer Justice Center, 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    Christopher R. Morris, Esq., David A. Turner, Esq., Michael A. Klutho, Esq. and Bassford Remele, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, counsel for defendant.


    This matter is before the court upon defendant's motion for judgment on the pleadings or summary judgment and on plaintiff's motions for summary judgment and class certification.  Based upon a review of the file and record, the proceedings herein, and for the reasons stated, the court grants defendant's motion.


**BACKGROUND**

    Plaintiff Ryan Riemersma ("Riemersma") alleges that defendant Messerli & Kramer, P.A. ("M&K"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-p, in collecting a

consumer debt he owed.  Riemersma incurred the underlying debt on a Providian National Bank ("Providian") credit card sometime prior to February 6, 2007.  After he fell behind on his payments, Providian sold the account to Pipestone Financial LLC, which in turn hired M&K on a contingent basis to collect the debt.  On February 13, 2007, M&K sent Riemersma a summons and state court complaint describing in the prayer for relief the debt "due and owing" as $2,456.01 – comprised of $1,182.25 in principal, $1,061.45 in interest and $331.31 in "reasonable attorneys' fees" less payments of $180.  (Roy Aff. Ex. A.)

On September 6, 2007, Riemersma filed this action alleging that M&K's collection complaint, in listing attorneys' fees as "due and owing", violates the FDCPA.  M&K now moves for judgment on the pleadings or summary judgment.  Riemersma in turn moves for summary judgment and class certification.

## DISCUSSION

### I.   Standard of Review

Federal Rule of Civil Procedure 12(c) provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of

as provided in Rule 56." Both parties have submitted materials outside of the pleadings, so the court treats the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252. On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his or her claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.   The Fair Debt Collection Practices Act**

Riemersma argues that M&K violated the FDCPA by demanding $331.31 in attorneys' fees in the collection complaint.  He asserts that this amount was a deceptive, misleading and false representation because it was not actually "due and owing."  The FDCPA prohibits "any false, deceptive or misleading representation or means in connection with the collection of any debt," including the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."   15 U.S.C. § 1692e.   Further, a debt collector cannot collect "any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Id. § 1692f(1).

Riemersma relies heavily on Munoz v. Pipestone Financial, LLC. 513 F. Supp. 2d 1076 (D. Minn. 2007).  Similar to the present case, in Munoz a debtor filed suit against M&K under the FDCPA for requesting attorney fees in a state court collection complaint. Id. at 1078.  Relying on Stall v. First National Bank of Buhl, 375 N.W.2d 841 (Minn. Ct. App. 1985), the court determined that the creditor had not actually incurred the attorneys' fees at the time it alleged that they were due and owing and therefore had violated the FDCPA.   Munoz, 513 F. Supp. 2d at 1083.  Riemersma argues that Munoz dictates the outcome in his case.

The court, however, does not find the reasoning in Munoz persuasive and will not follow it here.  Stall concerns a dispute between an attorney seeking fees from his client.  375 N.W.2d at 843-45.  It has nothing to do with the FDCPA, nor does it address the main issue in this case: the significance of M&K's allegedly improper demand as expressed in the prayer for relief.  A prayer for relief is "[a] request addressed to the court and appearing at the end of a pleading."  Black's Law Dictionary 1213 (8th ed. 2004).  As such, a request for attorneys' fees within the prayer for relief is not directed at the debtor.  Rather, it is part of the ultimate satisfaction sought by a plaintiff and asked of the court.  For this reason, M&K's request for attorneys' fees does not violate the FDCPA.  See Argentieri v. Fisher Landscapes, Inc., 15 F. Supp. 2d 55, 61-62 (D. Mass. 1998) (request for attorneys' fees in prayer for relief does not violate FDCPA); Winn v. Unifund CCR Partners, No. 06-447, 2007 WL 974099, at *2-3 (D. Ariz. March 30, 2007) (same); Rael v. Davis, No. 06-81, 2006 WL 2346396, at *4-5 (S.D. Ind. Aug. 11, 2006) (same).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Defendant Messerli & Kramer's motion for judgment on the pleadings or in the alternative for summary judgment [Doc. No. 20] is granted.

    2.    Plaintiff Ryan Riemersma's motion for summary judgment [Doc. No. 30] is denied.

    3.    Plaintiff Ryan Riemersma's motion for class certification [Doc. No. 3] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 9, 2008

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court